**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, | No. C 10-01186 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND; REMANDING ACTION TO SAN MATEO COUNTY SUPERIOR COURT; AND DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| MARIA VICTORIA B. MANUEL, JON JON F. MANUEL, | |
| Defendants. | |

Plaintiff has filed a motion to remand this action to the San Mateo County Superior Court for lack of federal jurisdiction and has requested an award of the attorneys' fees and costs associated with the removal. The motion has not been opposed by defendants. For the reasons set forth below, the Court hereby GRANTS the motion to remand and DENIES the request for fees and costs.

**BACKGROUND**

On November 6, 2009, plaintiff HSBC Bank filed an unlawful detainer action in the San Mateo County Superior Court against defendants Maria Victoria and Jon Jon Manuel. The action concerned defendants' home located at 133 Cymbidium Circle in South San Francisco, California. After the litigation had progressed in state court for approximately four months, defendants removed the action to this Court on March 22, 2010, citing federal question jurisdiction.

Plaintiff filed this motion to remand for lack of federal jurisdiction on April 29, 2010. Before a hearing could be held on the motion, however, a Notice of Voluntary Dismissal was filed, purportedly on behalf of plaintiff, and the action was closed. After it was discovered that the attorney who filed the

1 dismissal notice did not represent either party in this action,[1] the case was reopened and the Court

2 ordered defendants to file an opposition to the motion to remand by August 13, 2010.  That date has now

3 passed and defendants have not filed an opposition.

4

5                                              **DISCUSSION**

6 **I.      Motion to Remand**

7        An action filed in state court may be removed to federal court only if the federal court would

8 have had original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  The bases for federal

9 subject-matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity of

10 citizenship jurisdiction under 28 U.S.C. § 1332.  The removal statute is strictly construed against

11 removal, and doubt is resolved in favor of remand.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062,

12 1064 (9th Cir. 1979).  Remand to state court may be ordered either for lack of jurisdiction or for any

13 defect in removal procedure.  *See* 28 U.S.C. § 1447(c).

14        Removal was clearly improper in this case.  First, defendants cite federal question jurisdiction

15 as the basis for removal.  The sole cause of action stated in the complaint, however, is for unlawful

16 detainer.  This is not a federal cause of action.  Defendants reference several federal statutes in their

17 removal notice, including the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act,

18 and Truth in Lending Act.  These statutes, however, do not form the basis of plaintiff's complaint, and

19 have no place in determining whether this Court has jurisdiction over this matter.  *Franchise Tax Bd.*

20 *of the State of Cal. v. Constr. Lab. Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) ("[A] defendant

21 may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises

22 under' federal law.") (original emphasis).  Second, although defendants did not assert diversity

23 jurisdiction as a ground for removal, the Court notes that removal would not be proper on that basis

24 either, as defendants are citizens of California.  28 U.S.C. § 1441(b) (actions not arising under federal

25 law are "removable only if none of the . . . defendants is a citizen of the State in which such action is

26 brought").  Finally, a Notice of Removal must be filed within thirty days of service of the summons and

27

28        [1] That attorney, Timothy McCandless, apparently represented defendants at some point during
the underlying state court action.

2

**United States District Court**
For the Northern District of California

1    complaint. *Id.* § 1446(b).  Defendants did not file their Notice of Removal until more than four months

2    after they received service, *see* Pltf. RJN Ex. 2, and have provided no explanation for the untimely

3    removal.

4          Accordingly, the unopposed motion to remand is GRANTED.

5

6    **II.      Attorneys' Fees and Costs**

7          Plaintiff also seeks an award of the attorneys' fees and costs incurred in bringing the motion to

8    remand.  28 U.S.C. § 1447(c) permits the Court to order payment of "just costs and any actual expenses,

9    including attorney fees, incurred as a result of [an improper] removal."  In deciding whether to order

10   payment of costs, the Court must assess whether removal was "wrong as a matter of law." *Balcorta v.*

11   *Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). "[A]bsent unusual

12   circumstances, [costs] should not be awarded when the removing party has an objectively reasonable

13   basis for removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

14         It is plain that there was no valid basis for removal, as this action involves one state law cause

15   of action, and there is no diversity of citizenship.  Nonetheless, defendants are proceeding pro se, and

16   apparently believed that asserting federal statutes in defense of this action supported its removal.  In

17   view of defendants' pro se status, the Court declines to order an award of fees and costs. *See Boutrup*

18   *v. Washburn*, No. 09-2678, 2009 WL 4573299, at *2 (E.D. Cal. Nov. 24, 2009) ("[W]hile having the

19   status of pro se does not set up a dichotomy of rules vis-a-vis represented litigants, that pro se status

20   warrants some consideration when reviewing a § 1447(c) request."); *HSBC Bank USA, N.A. v. Bryant*,

21   No. 09-1659, 2009 WL 3787195, at *5 (S.D. Cal. Nov. 10, 2009) (a pro se defendant is "entitled to more

22   leeway in his attempt to comply with the removal statute, as long as it was not objectively

23   unreasonable").  Plaintiffs' request for attorneys' fees and costs is DENIED.

24

25

26

27

28   ///

3

**CONCLUSION**

For the foregoing reasons, and for good cause shown, the unopposed motion to remand is GRANTED.  (Docket No. 7).  This action is hereby ordered REMANDED to the San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: August 25, 2010

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

4